# IN THE COURT OF APPEALS OF IOWA

No. 21-1934
Filed November 17, 2022

**DAVID KNAEBLE,**
        Petitioner-Appellant,

**vs.**

**JOHN DEERE DUBUQUE WORKS,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

        David Knaeble appeals from a district court order affirming the Iowa

Workers' Compensation Commission's award of disability benefits.  **AFFIRMED.**

        Zeke R. McCartney and Mark J. Sullivan of Reynolds & Kenline, L.L.P.,

Dubuque, for appellant.

        Dirk J. Hamel of Gilloon, Wright & Hamel, P.C., Dubuque, for appellee.

        Heard by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal from a workers' compensation decision raises issues relating to an award for successive disabilities.

David Knaeble sustained three employment-related injuries while working for John Deere Dubuque Works of Deere & Company: one to his right leg and left foot in 2014, a second to his hands and finger in 2017, and a third to his shoulder also in 2017. He filed three petitions for workers' compensation benefits.

On the first petition, a deputy commissioner assigned Knaeble thirty-percent industrial disability. *See generally Knaeble v. John Deere Dubuque Works*, Iowa Workers' Comp. Comm'n No. 5055713, 2019 WL 6358888, at *1 (Sept. 20, 2019). The record reveals no appeal of that decision.

The second petition named the Second Injury Fund of Iowa and John Deere as defendants. *See* Iowa Code § 85.64 (2017). That petition was consolidated with the third petition. A deputy commissioner determined Knaeble's industrial loss for the first and second injuries was eighty-five percent and the industrial loss for the third injury was five percent. The deputy initially determined the industrial disability for all three injuries was ninety-two percent. *See Knaeble v. John Deere Dubuque Works*, Iowa Workers' Comp. Comm'n Nos. 5066463, 5066464, 2020 WL 8297395, at *10 (Nov. 30, 2020). On rehearing, the deputy clarified that the ninety-two percent figure was a "reduction in earning capacity" based on "the combined disability of claimant's" 2014 leg injury "and his left shoulder" injury. *Id.* The deputy also clarified the credit owing to John Deere for previously paid benefits. *Id.*

On intra-agency appeal, the commissioner declined to revisit the deputy's eighty-five percent industrial disability determination for the first two injuries. That award was to be paid by the Second Injury Fund. *See Knaeble v. John Deere Dubuque Works*, Iowa Workers' Comp. Comm'n Nos. 5066463, 5066464, 2021 WL 2624582, at *3 (May 10, 2021). As for the ninety-two percent figure, the commissioner noted that the deputy "did not specifically set forth how she arrived at" that figure. *Id.* After surmising she used a specified methodology that incorporated the eighty-five percent industrial disability determination, the commissioner stated:

> [T]hough [Knaeble's] combined industrial disability may have been 92 percent after his left shoulder injury, claimant's left shoulder injury only caused an additional five percent loss of earning capacity. Thus, without a credit or accounting for the 85 percent industrial disability caused by the two qualifying members, claimant is receiving the 85 percent industrial disability award twice—once from the Fund in the 85 percent award and once from Deere in the 92 percent award. As such, an award of 85 percent industrial disability from the Fund and an award of 92 percent industrial disability from John Deere results in a double recovery. . . .
> . . . To avoid such a double recovery in this case, I find Deere is responsible only for a five percent loss of earning capacity as a result of the left shoulder injury . . . .
> . . . I find Deere is responsible for a combined disability of 35 percent. The deputy commissioner's finding that Deere is responsible for a combined 92 percent disability is therefore modified.

*Id.* at *5–6. On judicial review, the district court affirmed the commissioner's decision. Knaeble appealed.

Successive disabilities are governed by Iowa Code section 85.34(7) (2017). The version in effect at the time of Knaeble's injury stated in pertinent part:

> (1) If an injured employee has a preexisting disability that was caused by a prior injury arising out of and in the course of employment with the same employer, and the preexisting disability

was compensable under the same paragraph of subsection 2 as the employee's present injury, the employer is liable for the combined disability that is caused by the injuries, measured in relation to the employee's condition immediately prior to the first injury. In this instance, the employer's liability for the combined disability shall be considered to be already partially satisfied to the extent of the percentage of disability for which the employee was previously compensated by the employer.

(2) If, however, an employer is liable to an employee for a combined disability that is payable under subsection 2, paragraph "u", and the employee has a preexisting disability that causes the employee's earnings to be less at the time of the present injury than if the prior injury had not occurred, the employer's liability for the combined disability shall be considered to be already partially satisfied to the extent of the percentage of disability for which the employee was previously compensated by the employer minus the percentage that the employee's earnings are less at the time of the present injury than if the prior injury had not occurred.

Iowa Code § 85.34(7)(b). Iowa Code section 85.34(2)(u), in turn, stated:

In all cases of permanent partial disability other than those hereinabove described or referred to in paragraphs "a" through "t" hereof, the compensation shall be paid during the number of weeks in relation to five hundred weeks as the reduction in the employee's earning capacity caused by the disability bears in relation to the earning capacity that the employee possessed when the injury occurred.

Knaeble argues the commissioner "grossly under compensate[d]" him "for his successive injuries." He asserts, "The plain language of section 85.34(7)(b)(1) limits its application to successive disabilities with the same employer compensable under the same paragraph of [section] 85.34(2)." In his view, the deputy correctly applied the provision to find that his 2014 injury and 2017 shoulder injury resulted in ninety-two-percent industrial disability, whereas the commissioner incorrectly applied the provision by "simply adding" five percent for the shoulder injury "to the 30% previously awarded for the . . . 2014 injury."

Knaeble's argument is facially appealing. But the issue is not whether the 2014 injury and the 2017 shoulder injury were both compensable under section 85.34(2) but the effect of the intervening 2017 hand/finger injury. The commissioner essentially determined the deputy's ninety-two percent industrial disability figure—even if it putatively encompassed only the leg and shoulder injuries—had to account for the reduced use of Knaeble's hands and finger. In other words, the deputy could not ignore the loss of earning capacity associated with the hand/finger injury in assessing the later shoulder injury. Because Knaeble was compensated for the hand/finger injury through the Second Injury Fund by virtue of the eighty-five-percent industrial disability finding, the commissioner determined the ninety-two-percent finding would result in double-recovery. *See Warren Props. v. Stewart*, 864 N.W.2d 307, 315–16 (Iowa 2015) ("When a successive injury increases a preexisting permanent disability to the body as a whole, the benefits provided for the successive injury must not include a double recovery for the first disability or a double reduction for the first disability.").

We conclude the commissioner did not err in interpreting Iowa Code section 85.34. *See Roberts Dairy v. Billick*, 861 N.W.2d 814, 817 (Iowa 2015) (stating "the legislature did not clearly vest the commissioner with authority to interpret the subsections of Iowa Code section 85.34 at issue in this case" and, "[a]ccordingly, our review of the commissioner's interpretation . . . is for correction of errors at law" (final alteration in original) (citation omitted)). As for the commissioner's application of law to fact, we are persuaded the determination that "an award of 85 percent industrial disability from the Fund and an award of 92 percent industrial disability from John Deere results in a double recovery" was not

irrational, illogical, or wholly unjustifiable. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 526 (Iowa 2012) ("Because the challenge to the agency's industrial disability determination challenges the agency's application of law to facts, we will not disrupt the agency's decision unless it is "irrational, illogical, or wholly unjustifiable.").

We turn to the credit granted John Deere. The commissioner subtracted "the percentage of industrial disability attributable to the first [] injury (30 percent) from [Knaeble's] combined industrial disability after his left shoulder injury (35 percent)" and concluded Knaeble was "due an additional five percent of industrial disability." Knaeble argues, "The Commissioner realized that he could not give the employer credit for the award on the Second Injury Fund claim" and, for that reason, "substantially reduced the amount of the industrial disability awarded by the deputy." In his view, Deere was "not entitled to credit for any payments for the scheduled member injury to the bilateral upper extremities, nor [was] it entitled to any credit for the compensation that the Fund paid under Iowa Code § 85.64." Again, Knaeble's argument carries some appeal. But the commissioner's understandable concern with double-recovery as proscribed by *Warren Properties* leads us to conclude the commissioner's application of law to fact was not irrational, illogical, or wholly unjustifiable.

Finally, Knaeble contends the commissioner's "award of just 35% industrial disability for the [] 2017 left shoulder injury is inadequate and not supported by substantial evidence." To be clear, the commissioner affirmed the deputy commissioner's finding that the left shoulder injury resulted in five—rather than thirty-five—percent industrial disability. The commissioner then determined

Knaeble sustained "combined disability of 35 percent," calculated by taking "30 percent for the prior 2014 injury and an additional five percent for the left shoulder injury." We read Knaeble's argument as a challenge to the commissioner's combined industrial disability figure of thirty-five percent. "[W]e accept the commissioner's factual findings when supported by substantial evidence. *See Chavez v. MS Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022) (citation omitted); *see also Warren Props.*, 864 N.W.2d at 311 ("We are bound by the agency's findings of fact unless they are not supported by substantial evidence."). Suffice it to say, that figure is supported by substantial evidence. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 865, 889 (Iowa 2014).

**AFFIRMED.**